IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D
AUG 29 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

HABBY SOLIMAN :

    Plaintiff, :

v. : Case No. 1:14CV1117 TSE/TRJ

THOMAS COMPUTER SOLUTIONS, LLC :
1491 Chain Bridge Road, Suite 100
McLean, VA 22101-5725 :

    SERVE: Abdoulaye Diatta, Registered Agent :
              1491 Chain Bridge Road, Suite 100
              McLean, VA 22101-5725 :

and :

ARLENE THOMAS :
6427 Linway Terrace
McLean, VA 22101 :

    Defendants. :

## COMPLAINT FOR DAMAGES
**(Unpaid Minimum Wage and Overtime; Breach of Contract; Quantum Meruit)**

Plaintiff Habby Soliman ("Soliman" or "Plaintiff"), by counsel, hereby states as follows:

## NATURE OF THE CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, by Plaintiff against Defendants THOMAS COMPUTER SOLUTIONS, INC. ("TCS"); and Arlene Thomas ("Ms. Thomas"), the owner and operator of TCS; for minimum wage and overtime violations of the FLSA. The Complaint also seeks damages for breach of contract and *quantum meruit* arising from the same facts.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1337. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

3. This court has personal jurisdiction over the defendants because they performed the acts complained of herein within this district.

4. Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff is an adult resident of Centreville, Virginia. From 2004 through December 31, 2013, Plaintiff was employed by TCS.

6. Upon information and belief, Thomas Computer Services, LLC ("TCS") is a Virginia limited-liability company doing business in Virginia.

7. Defendant Arlene Thomas is an adult resident of Fairfax County, Virginia. Upon information and belief, she was the majority or sole member of TCS. At all times relevant to this Complaint, Thomas exercised significant control over the day to day happenings at TCS, including the power to select and hire any employee, the power to fire any employee, the power to set wages and compensation for any employee, and the power to control any employee. At all times relevant to this Complaint, Thomas was an employer of Plaintiff under the FLSA.

## FACTS

8. On information and belief, TCS had an annual gross volume of sales or business done of $500,000.00 or more at all times relevant herein.

9. TCS was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce as defined by the FLSA, at all times relevant herein.

10. During his employment, Plaintiff engaged in interstate commerce by such means as regularly making telephone calls to persons in other states, receiving mail from persons in other states, traveling across state lines for business purposes, meeting with people, and using goods manufactured in other states.

11. Plaintiff was jointly employed by the Defendants for purposes of the FLSA at all times relevant to this Complaint.

12. At all times relevant hereto, the parties agreed that Plaintiff would be paid an annual salary of $72,000.

13. Plaintiff was actually paid on the basis of $58,500 per annum.

14. However, prior to the Thomas promised to pay Plaintiff the difference between $58,500 and $72,000 retroactively once funds became available.

15. Despite this arrangement, in early 2012, Defendants began to miss paychecks owed to Plaintiff.

16. As of the end of 2012, Thomas agreed that Plaintiff was owed approximately six months' pay, which the Defendants still owe.

17. For all of 2013, Defendants paid Plaintiff approximately four months' pay. As for the balance, the Defendants still owe it.

18. The Defendants and/or their agents required and/or suffered or permitted Plaintiff to work hours for which he was not compensated and/or for which he was not compensated at the minimum wage specified by the FLSA.

19. Plaintiff frequently worked uncompensated regular and overtime hours, with the actual and/or constructive knowledge of Defendants.

20. Defendants failed to compensate Plaintiff at a rate of time and a half his regular rate of pay for all hours over forty worked in a work week.

21. Defendants failed to maintain regular pay periods and/or to pay Plaintiff in a timely fashion for all hours worked in a pay period.

22. Defendants failed to post the notice informing Plaintiff and other employees of their rights under the FLSA in a readily accessible location as required by the FLSA and by Department of Labor regulations.

23. Defendants failed to inform Plaintiff of his rights under the FLSA and/or misled Plaintiff concerning his rights under the FLSA to minimum wages and overtime wages.

### COUNT ONE—VIOLATION OF FLSA MINIMUM WAGE AND OVERTIME REQUIREMENTS
(Against all Defendants)

24. All of the preceding paragraphs are incorporated and realleged by reference.

25. Defendants did not compensate Plaintiff for all hours they required him to work and/or for all hours which they suffered or permitted him to work with the actual or constructive knowledge of defendants.

26. Defendants willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

27. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 in each workweek (i.e., overtime hours worked).

28. Defendants regularly and willfully violated the FLSA by not compensating Plaintiff for all hours he was required and/or "suffered or permitted" to work.

29. Based on the records available to Plaintiff, Defendants owe him at least $20,000.00 in unpaid minimum wages.

30. By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation and unpaid minimum wages), an amount equal to that unpaid compensation as liquidated damages, as well as reasonable attorneys' fees, expenses, and costs under 29 U.S.C. §216(b).

### COUNT TWO—BREACH OF CONTRACT
### (Against Defendant TCS)

31. All of the preceding paragraphs are incorporated and realleged by reference.

32. Defendants' agreement to pay Plaintiff an annual salary of $72,000 in exchange for his services constituted a contract under Virginia law.

33. Defendants paid Plaintiff only sporadically, accruing at least 14 months' worth of unpaid salary.

34. This failure to pay Plaintiff's salary constitutes a material breach of the contract between the parties.

35. By reason of the foregoing, Plaintiff has been damaged and is due $72,000 per year of work on Defendants' behalf, less the total pay which Defendants made to Plaintiff during that time period ($46,312.50), plus interest, costs, and such other relief as this Court deems proper.

### COUNT THREE—QUANTUM MERUIT
### (Against Defendant TCS)

36. All of the preceding paragraphs are incorporated and realleged by reference.

37. At all times relevant hereto, the parties had agreed that Plaintiff would work for Defendants.

38. Plaintiff worked every week during the relevant time period on behalf of Defendants.

39. This service provided an economic benefit to Defendants.

40. Defendants failed to pay Plaintiff any money for certain weeks in which Plaintiff worked for them.

41. By reason of the foregoing, Plaintiff has been damaged and is due the value of his services under *quantum meruit* in an amount to be determined at trial, interest, costs, and such other relief as this Court considers proper.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands the following:

1. His unpaid minimum wage and overtime, jointly and severally against both Defendants, in the amount of $20,000.00 or such amount as may be proven at trial;

2. Liquidated damages in the same amount, jointly and severally against both Defendants, in the amount of $20,000.00 or such amount as may be proven at trial;

3. Attorney's fees on his Fair Labor Standards Act claims;

4. $ 70,687.50, representing pay for work pursuant to his contract with TCS, or, in the alternative, the reasonable value of his services to TCS, against Defendant TCS;

5. Pre- and post-judgment interest at the highest legal rate;

6. His costs incurred in pursuing this action; and

7. Any other relief this Court deems proper.

Respectfully Submitted,
Habby Soliman
By and Through His Attorneys,

/s/ Lee B. Warren

John C. Cook
Virginia Bar # 38310
Lee B. Warren
Virginia Bar # 77446
Counsel for Plaintiff
COOK CRAIG & FRANCUZENKO, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, Virginia 22030
Phone: 703-865-7480
Fax: 703-434-3510
Email: jcook@cookcraig.com
lwarren@cookcraig.com