**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **HABBY SOLIMAN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:14-cv-1117** |
| | ) | |
| **THOMAS COMPUTER SOLUTIONS,** | ) | |
| **LLC** *et al.*, | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff in this action is suing his former employers for (i) breach of contract, (ii) violations of the Fair Labor Standards Act ("FLSA"),[1] and (iii) a state law *quantum meruit* claim. Defendants, properly served, filed no answer or other responsive pleading, nor have they ever made any appearance in the case. Following the entry of default, the matter was referred to a Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636. The Magistrate Judge issued his Report and Recommendation on May 21, 2015. Plaintiff then filed a timely objection to the Report and Recommendation's conclusion that plaintiff failed to carry his burden of proving breach of contract damages with reasonable certainty. At issue here is the merits of that objection, as well as the conclusions in the Report and Recommendation.

For the reasons that follow, a review of the record as a whole makes clear that plaintiff's objection must be sustained in part and the Magistrate Judge's disposition must be rejected in part and modified in part.

---

[1] 29 U.S.C. § 201.

1

## I.

### A.

Because defendants in this case have defaulted and made no appearance, they are deemed to

have admitted all of plaintiff's well-pled allegations in plaintiff's complaint with the exception of

the allegations relating to the quantum of damages alleged by plaintiff. *See* Rule 8(b)(6), Fed. R.

Civ. P. ("An allegation—other than one relating to the amount of damages—is admitted if a

responsive pleading is required and the allegation is not denied."); *Ryan v. Homecomings*

*Financial Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the

plaintiff's well-pleaded allegations of fact . . . ."). Accordingly, the relevant facts may be

succinctly stated as follows:

- Plaintiff Habby Soliman is a resident of Centreville, Virginia.

- Defendant Thomas Computer Services, LLC ("TCS") is a Virginia limited-liability company doing business in Virginia.

- Defendant Arlene Thomas is a resident of Fairfax County, Virginia, who, upon information and belief, was the majority or sole member of TCS. Thomas exercised significant control over day-to-day operations at TCS, including hiring and firing decisions and wage and compensation decisions. From 2004 to 2013, plaintiff was jointly employed by Thomas and TCS.

- During his employment, plaintiff regularly made telephone calls to persons in other states, received mail from persons in other states, travelled across state lines for business trips, and used goods manufactured in other states.

- At all relevant times, the parties agreed that plaintiff would be paid an annual salary of $72,000. Plaintiff was actually paid, however, at an annual rate of $58,000. Critically, Thomas promised to make up the difference to plaintiff once the funds became available.

- In early 2012, defendants began to miss payments that were owed to plaintiff. The sporadic and irregular nature of defendants' payments resulted in Thomas agreeing that as of the end of 2012, plaintiff was owed approximately six months' pay.

- In 2013, defendants paid plaintiff approximately four months' pay; the outstanding balance constituting eight months of pay is still owed to plaintiff.[2]

**B.**

Plaintiff's complaint, filed on August 29, 2014 against Thomas and TCS, contains three counts: (i) violation of the FLSA Minimum Wage and Overtime Requirements; (ii) a state law claim for breach of contract; and (iii) a state law claim for *quantum meruit*. Neither TCS nor Thomas filed a responsive pleading or responded in any other fashion to plaintiff's complaint. Nor has either defendant appeared in this case or responded to plaintiff's motion for entry of default despite record notice. Accordingly, entries of default were entered for Thomas on November 4, 2014 and for TCS on November 24, 2014. One day later, on November 25, 2014, an Order issued directing the plaintiff to file a prompt motion for default judgment accompanied by a memorandum setting forth the factual and legal support for the following findings: (i) that subject matter and personal jurisdiction over the present dispute exists; (ii) that plaintiff's complaint alleges facts establishing all of the necessary elements of one or more claims on which relief can be granted; and (iii) that plaintiff is entitled to the damages and any other relief sought, with specific references to affidavits, declarations, or other evidence supporting such relief.[3] The Order also referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636. Plaintiff complied with the directives in the Order and filed a motion for default judgment, accompanied by the requisite memorandum in support, on January 2, 2015.

---

[2] Plaintiff's complaint does not specifically allege the annual rate applicable to the fourteen months of pay owed to him.

[3] *Habby Soliman v. Thomas Computer Solutions, LLC, et al.*, No. 1:14cv1117 (E.D. Va. Nov. 25, 2014) (Order) (Doc. 11).

On January 9, 2015, the Magistrate Judge to whom the matter was referred heard oral argument on plaintiff's motion. Thereafter, on February 2, 2015, the Magistrate Judge issued an Order directing the plaintiff to file a supplemental memorandum detailing plaintiff's damages with appropriate specificity, as the support for plaintiff's quoted damages figures was "not apparent to the [M]agistrate [J]udge."[4] Plaintiff complied with this Order, filing a supplemental memorandum on February 17, 2015.

On May 21, 2015, the Magistrate Judge issued his Report and Recommendation, finding first that subject matter jurisdiction was proper, as plaintiff stated a federal claim under the FLSA and plaintiff's state law claims were part of the same "common nucleus of operative fact"[5] as plaintiff's FLSA claim. Next, the Magistrate Judge found that personal jurisdiction and venue were both proper in this district, given that both defendants reside in this district and a substantial part of the acts or omissions giving rise to plaintiff's claims occurred here.

With respect to the merits, the Magistrate Judge first addressed plaintiff's FLSA claim, finding that plaintiff was not paid the mandatory FLSA minimum wage nor was plaintiff compensated for his overtime labor for multiple periods of plaintiff's employment; thus, defendants violated the FLSA. Moreover, the Magistrate Judge found that these violations were willful, entitling plaintiff to a three-year statute of limitations on these claims. Given this, the Magistrate Judge recommended finding both defendants jointly and severally for all of plaintiff's FLSA claims accruing between January 2012 and December 2013.

With respect to plaintiff's breach of contract and *quantum meruit* claims, the Magistrate Judge found that the parties had a valid contract of employment to pay plaintiff an annual salary

---

[4] *Habby Soliman v. Thomas Computer Solutions, LLC, et al.*, No. 1:14cv1117 (E.D. Va. Feb. 2, 2015) (Order) (Doc. 19).

[5] Report and Recommendation at 2.

of $72,000 and that defendants breached this contract.  Thus, the Magistrate Judge recommended a finding of liability against both defendants for breach of contract.  Because the Magistrate Judge found a valid, enforceable contract existed between the parties, he recommended not considering plaintiff's alternate *quantum meruit* claim.

On the issue of damages, the Magistrate Judge noted that plaintiff submitted time and payroll records, and these records showed that plaintiff received fifteen payments from defendants in 2012 and 2013 totaling $36,562.50.  Seven of these payments were for work performed in 2012, while the remaining eight payments were for work performed in 2013.  Prior to the issuance of the Report and Recommendation, plaintiff submitted no further documentation to support his claimed damages figures, which were $20,693.18 in unpaid minimum wage and overtime damages, an equal amount in liquidated damages, $58,738.64 in breach of contract damages, and $2,787.60 in attorneys' fees, for a total award of $102,912.60.

In the end, however, the Magistrate Judge recommended a conclusion that plaintiff was not entitled to recover breach of contract damages because a spreadsheet prepared and submitted by plaintiff's counsel supporting plaintiff's claimed damages award reflected that plaintiff received payments from defendants totaling $43,875.00 in 2012 and 2013.  Because this amount conflicted with the amount in the time and payroll records—$36,562.50—and also conflicted with the amount of damages alleged in the complaint, $46,312.50, the Magistrate Judge found that plaintiff did not prove his breach of contract damages with reasonable certainty.  As for plaintiff's FLSA claim, the Magistrate Judge concluded that in the default judgment context, defendants admitted the well-pled allegations in plaintiff's complaint that they failed to pay plaintiff any compensation for at least fourteen months of work.  Accordingly, the Magistrate Judge found that defendants were liable to plaintiff at a rate of $7.25 per hour for 2240 hours of

unpaid work, totaling $16,240 plus an equal amount in liquidated damages—$32,480.00. The Magistrate Judge also found that plaintiff was entitled to attorneys' fees and costs under the FLSA totaling $2,787.60. In sum, the Magistrate Judge recommended that default judgment be entered in plaintiff's favor and that plaintiff be awarded damages in the total amount of $35,267.60 against the defendants jointly and severally.

On June 8, 2015, plaintiff filed a timely objection to the Magistrate Judge's Report and Recommendation contending only that the Magistrate Judge's conclusion that plaintiff's submissions did not support his demand for breach of contract damages was erroneous. Importantly, plaintiff admitted that counsel "inadvertently omitted" payments plaintiff received in 2012 and 2013 from its original motion for default judgment, but attached the documentation for these payments to its memorandum supporting its objection. According to plaintiff, the additional documentation showed that the payments plaintiff received from defendants in 2012 and 2013 totaled $43,875.00—the amount pled in plaintiff's motion for default judgment. Plaintiff contends that this documentation is sufficient to satisfy his burden to establish his breach of contract damages with reasonable certainty.

## II.

Rule 72(b)(3), Fed. R. Civ. P. provides that: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Here, plaintiff has objected to the Magistrate Judge's conclusion that plaintiff did not adequately support a claim for damages for plaintiff's breach of contract claim. Accordingly, this portion of the Magistrate Judge's Report

and Recommendation, and indeed all of the conclusions and recommendations in the Report and
Recommendation, based on the record as a whole are reviewed *de novo*.

### A.

The elements of a breach of contract claim are: (i) a legally enforceable obligation of a
defendant to a plaintiff; (ii) the defendant's violation or breach of that obligation; and (iii) injury
or damage to the plaintiff caused by the breach of the obligation. *See Filak v. George*, 594
S.E.2d 610, 619 (Va. 2004). The Magistrate Judge correctly determined that plaintiff entered
into a valid contract of employment with defendants for an annual salary of $72,000 per year and
that defendants breached that contract by paying plaintiff less than $72,000 in both 2012 and
2013. Thus, plaintiff's objection pertains to the third element of his breach of contract claim—
the measure of plaintiff's damages.

Under Virginia law, the burden of proof remains with the plaintiff to prove *with
reasonable certainty the measure of damages sustained.*" *Sunrise Continuing Care, LLC v.
Wright*, 671 S.E.2d 132, 137 (Va. 2009) (emphasis added). A plaintiff's failure to present
"sufficient evidence" of an "award of damages without resorting to speculation or conjecture"
means that a plaintiff has "failed to establish a prima facie claim for breach of contract." *Id.* The
Magistrate Judge concluded that plaintiff had fallen short of meeting this burden because the
allegations in plaintiff's complaint, plaintiff's counsel's damages spreadsheet, and the underlying
payroll and time records all stated different amounts that plaintiff received from defendants in
2012 and 2013.

This conclusion is mistaken in three respects. First, plaintiff's complaint's allegations are
not evidence, as damages allegations in complaints are not deemed admitted. *See* Rule 8(b)(6),
Fed. R. Civ. P. Second, plaintiff's counsel's damages spreadsheet is also not record evidence as

it is undisputed that plaintiff's attorney prepared and created this document using the payroll and time records that plaintiff personally prepared.[6] As such, this document is no more than an extension of plaintiff's counsel's argument in his brief; it is not record evidence. Accordingly, neither plaintiff's complaint nor plaintiff's counsel's damages spreadsheet are relevant to the calculation of plaintiff's breach of contract damages.

The third reason that the Magistrate Judge's conclusion with respect to plaintiff's breach of contract damages is mistaken is that the payroll and time records, which were filled out and submitted by plaintiff,[7] constitute adequate evidence from which plaintiff's damages can be calculated with reasonable certainty. To begin with, plaintiff's contract for employment was for $72,000 and plaintiff worked for two years, entitling plaintiff to a salary of $144,000 less any amounts defendants paid plaintiff in 2012 and 2013. The time and payroll records, carefully parsed, reflect that plaintiff received $43,875.00 from defendants for the years 2012 and 2013. Although this amount conflicts with the amount in plaintiff's complaint and plaintiff's counsel's damages spreadsheet, respectively, this is immaterial, as the time and payroll records are the only evidence in this case.

Accordingly, examination of plaintiff's payroll and time records reveals that plaintiff received $43,875.00 from defendants for the years 2012 and 2013. Since plaintiff's annual salary was $72,000 per year, plaintiff's breach of contract damages, to a reasonable degree of certainty, are $100,125.

---

[6] Warren Affidavit ¶ 3.

[7] Soliman Affidavit ¶¶ 2-6.

**B.**

The Magistrate Judge also recommended the finding that plaintiff established FLSA minimum wage and overtime violations and damages as a matter of just and reasonable inference for at least fourteen months of work. This conclusion is unpersuasive because given that plaintiff is entitled to recover on his breach of contract claim, plaintiff cannot duplicatively recover for damages under the FLSA.

It is well-settled that plaintiff cannot receive two remedies for the same wrong. Thus, where, as here, plaintiff's common law breach of contract claim at a rate above the minimum wage succeeds, plaintiff's FLSA minimum wage and overtime claims have no application. Specifically, Fourth Circuit law is clear that although a "party may assert claims" for multiple causes of action, "he may succeed on only one basis" for the same injury. *Winant v. Bostic*, 5 F.3d 767, 775 (4th Cir. 1993). The import of this principle is that "[w]here a plaintiff seeks recovery for the same damages under different legal theories, only a single recovery is allowed." *McCune v. Xerox Corp.*, 225 F.3d 654, 2000 WL 1012962 at *5 (4th Cir. 2000) (citing *Conway v. Icahn & Co.*, 16 F.3d 504, 511 (2d Cir. 1994)); *see also Transamerica Occidental Life Ins. Co. v. Sanders*, 91 F.3d 134, 1996 WL 378310 at *1 (4th Cir. 1996) ("[Plaintiff] is not entitled to damages for both causes of action based on the same conduct."). Thus, plaintiff cannot recover damages under both causes of action, but is instead "entitled to the greatest amount recoverable under any single theory pled that is supported by the evidence." *X-It Prod's, LLC v. Walter Kidde Portable Equipment, Inc.*, 227 F. Supp. 2d 494, 524 (E.D. Va. 2002) (citing *Hickson v. Norfolk Southern Ry.*, 260 F.3d 559, 566-67 (6th Cir. 2001)).

Here, plaintiff succeeded on his breach of contract claim for a yearly salary at a rate far above the minimum wage and the statutorily-mandated overtime rate. And the damages for

9

plaintiff's breach of contract claim exceed any FLSA minimum wage or overtime damages that plaintiff may have suffered. Accordingly, plaintiff may recover only under his breach of contract theory, not his FLSA theory, since his breach of contract theory—at a rate far above both the minimum wage and the FLSA-mandated overtime rate—supports the "greatest amount recoverable" by plaintiff. *X-It*, 227 F. Supp. 2d at 524.[8]

In sum, plaintiff is entitled to $100,125 in damages.[9] And because plaintiff is limited to recover only on his breach of contract claim and is not entitled to recover on his FLSA claim, no award of attorneys' fees is warranted in this case. Plaintiff's award of $562.60 in costs remains intact, however, since plaintiff is still the prevailing party pursuant to Rule 54, Fed. R. Civ. P.

## C.

Finally, as the Magistrate Judge correctly concluded, plaintiff cannot recover on his *quantum meruit* claim because "for a court to award a quantum meruit recovery, the court must conclude that there is no enforceable express contract between the parties covering the same subject matter." *Mongold v. Woods*, 677 S.E.2d 288, 292 (Va. 2009). Here, because there was

---

[8] Additionally, the FLSA may well be inapplicable to plaintiff, as he might be a professional employee exempt from the FLSA. Professional employees are those employees compensated on a salary basis at a rate exceeding $455 per week whose primary duty is the performance of work requiring knowledge of an advanced type or acquired by a prolonged course of specialized intellectual instruction. *See* 29 C.F.R. § 541.300. It is undisputed that plaintiff was compensated on a salary basis as plaintiff's contract for employment was for a predetermined amount of $72,000, and it is similarly uncontroverted that plaintiff's weekly salary, according to the terms of the contract, exceeded $455 per week. The record is not clear, however, whether plaintiff's primary duties qualify him for this exemption, and the burden is on defendants, who did not appear, to articulate that plaintiff falls within this exemption. In any event, because plaintiff cannot recover twice for the same injury, he cannot recover under the FLSA.

[9] Importantly, disregarding plaintiff's FLSA claim, as required here, increases plaintiff's recovery by almost $9000, as plaintiff's objection to the Report and Recommendation seeks damages in the amount of $91,214.64, excluding attorney's fees.

an enforceable express contract between the parties in this case for plaintiff to be paid $72,000 annually, plaintiff's *quantum meruit* claim must be dismissed.

### III.

Accordingly, it is hereby **ORDERED** that plaintiff be awarded damages in the amount of $100,125 for his breach of contract claim.

It is further **ORDERED** that plaintiff's FLSA and *quantum meruit* claims be **DISMISSED**.

It is further **ORDERED** that the Clerk is directed to enter judgment in the amount of $100,125 for plaintiff's breach of contract claim pursuant to Rule 58, Fed. R. Civ. P and costs in the amount of $562.60 pursuant to Rule 54, Fed R. Civ. P.

The Clerk is further directed to send a copy of this Order to all counsel of record and to place this matter among the ended causes.

Alexandria, VA
July 10, 2015

T. S. Ellis, III
United States District Judge